# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON, SEATTLE DIVISION

| | |
|---|---|
| Corey Lester, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Valley Collection Service, LLC,<br><br>Defendant. | Case No:<br><br>**Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Corey Lester, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Valley Collection Service, LLC, ("Defendant" or "VCS"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Washington.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of VCS's violations of the FDCPA, a strict liability federal statute designed to protect consumers from abusive debt collection by persons like VCS.

10. Because Defendant does business within the State of Washington, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of Washington.

///

///

**PARTIES**

13. Plaintiff is a natural person who resides in the City of Bothell, State of Washington.

14. Defendant is located in the City of Glendale, in the State of Arizona.

15. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. Sometime before May 15, 2017, Plaintiff is alleged to have incurred certain financial obligations to the City of Tempe Utilities.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before May 15, 2017, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

20. Subsequently, but before May 15, 2017, City of Tempe assigned, placed, or otherwise transferred the alleged debt to VCS for collection.

21. On or about May 15, 2017, Defendant sent Plaintiff a letter attempting to collect the alleged debt.

22. This letter was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

23. In Defendant's May 15, 2017 letter to Plaintiff, the language of which overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a), because it attempted to limit the rights available to

Plaintiff in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating:

> The above account has been assigned to this office for collection. Please remit payment in full of the current balance to this office in resolution of this matter. If this debt is not paid within 30 days from your receipt of this notice, we may exercise various options to enforce collection activity, including the reporting of this debt to credit reporting agencies…

24. The deadline imposed by Defendant as well as their threat enforce collection activity are misleading as it does not account for Plaintiff's ability to dispute the debt and to request verification and/or validation pursuant to 1692g, which would halt all collection activity pursuant to 15 U.S.C. § 1692g(b).

25. The purpose for this confusing language was to limit the rights available to Plaintiff in a manner that creates a contradiction that would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

26. This conduct was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

27. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

28. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

29. Through this conduct Defendant violated RCW 19.86.020 by misleading Plaintiff through deceptive and confusing language.

30. Furthermore, the May 15, 2017 letter sent by Defendant was illegal because Defendant is not a licensed business in the State of Washington and did not have the right to collect debts from consumers in the state of Washington.

31. The May 15, 2017 letter sent by Defendant was illegal because Defendant is not a licensed debt collector in the State of Washington and did not have the right to collect debts from consumers in the state of Washington.

32. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

33. Through this conduct Defendant violated RCW 19.86.020 by collecting from Plaintiff when Defendant did not have the right to collect.

34. This conduct was a material violation of the FDCPA because it potentially frustrates the ability of the least sophisticated debtor to intelligently choose an adequate response because Defendant did not have a legal right to collect from Plaintiff.

35. As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

## CLASS ACTION ALLEGATIONS

36. Plaintiff bring this action on his own behalf, and on behalf of all others similarly situated.

37. This action pleads the following class action allegations.

> Plaintiff defines "The Class" under the FDCPA as (i) all persons with addresses within the state of Washington; (ii) who were sent an initial collection letter, which was similar or identical to

Defendant's May 15, 2017 to Plaintiff; (iii) to recover a consumer debt; (iv) which were not returned undelivered by the United States Postal Service. The class period is one year prior to the filing of this Complaint.

Plaintiff defines "The Second Proposed Class" under the Washington Consumer Protection Act as (i) all persons with addresses within the state of Washington; (ii) who were sent an initial collection letter, which was similar or identical to Defendant's May 15, 2017 to Plaintiff; (iii) to recover a consumer debt; (iv) which were not returned undelivered by the United States Postal Service. The class period is four years prior to the filing of this Complaint.

38. For purposes of the FDCPA Claim, the class period for the First Proposed Class is one year prior to the filing of the original Complaint.

39. For purposes of the Washington Consumer Protection Act Claim, the class period for the Second Proposed Class is one year prior to the filing of the original Complaint

40. There are more than 40 members of the first and second proposed class, and the class members are so numerous that joinder is impracticable.

41. The individual identities of the individual members are ascertainable through Defendants' records or by public notice.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the First Proposed Class.  The questions of law and fact common to the First Proposed Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   A) Whether Defendants violated the FDCPA;
   B) Whether members of the Class are entitled to the remedies under the FDCPA;
   C) Whether members of the Class are entitled to declaratory relief;
   D) Whether members of the Class are entitled to injunctive relief;

E) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

F) Whether the Class are entitled to any other remedies.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Second Proposed Class. The questions of law and fact common to the Second Proposed Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

G) Whether Defendants violated the Washington Consumer Protection Act;

H) Whether members of the Class are entitled to the remedies under the FDCPA;

I) Whether members of the Class are entitled to declaratory relief;

J) Whether members of the Class are entitled to injunctive relief;

K) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the Washington Consumer Protection Act;

L) Whether the Class are entitled to any other remedies.

44. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer fraud and debt collection abuse cases.

46. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

48. Class-wide damages are essential to induce Defendant to comply with Federal and State Law.
49. The interest of the First Proposed Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.
50. The interest of the Second Proposed Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum damages in an individual Washington Consumer Protection Act action is $25,000.00. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.
51. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.
52. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

CAUSES OF ACTION

COUNT I

FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

15 U.S.C. §§ 1692 ET SEQ.

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### WASHINGTON CONSUMER PROTECTION ACT

### RCW 19.86 ET SEQ.

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the Washington Consumer Protection Act, including but not limited to each and every one of the above-cited provisions of the RCW 19.86 et seq.

58. As a result of each and every violation of the Washington Consumer Protection Act, Plaintiff is entitled to any actual damages pursuant to RCW 19.86.090; and, reasonable attorney's fees and costs pursuant to RCW 19.86.090 from Defendant.

59. Plaintiff further requests the court award Plaintiff treble actual damages in light of Defendant's deceptive conduct pursuant to RCW 19.86.090.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as to Plaintiff and each putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to RCW 19.86.090;

- • An award of costs of suit and reasonable attorney's fees pursuant to RCW 19.86.090;
- • An award of treble actual damages pursuant to RCW 19.86.090.

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,            **Kazerouni Law Group**

Date: August 18, 2017              By: *s/ Ryan L. McBride*
                                   Ryan L. McBride
                                   Attorneys for Plaintiff

                                   Joshua B. Swigart, Esq. (SBN 49422)
                                   josh@westcoastlitigation.com
                                   **Hyde & Swigart**
                                   2221 Camino Del Rio S., #101
                                   San Diego, CA 92108
                                   Telephone: (619) 233-7770
                                   Facsimile:  (619) 297-1022

                                   Abbas Kazerounian (SBN 48522)
                                   ak@kazlg.com
                                   Ryan L. McBride (SBN 50751)
                                   ryan@kazlg.com
                                   **Kazerouni Law Group, APC**
                                   1546 NW 56th Street
                                   Seattle, WA 98107
                                   Telephone: (800) 400-6808
                                   Facsimile:  (800) 520-5523

                                   Attorneys for Plaintiff